ROBERT J. COSGROVE, ESQ.
rcosgrove@wcmlaw.com (E-mail)
Attorney ID # 204665
ZHANNA DUBINSKY, ESQ.
zdubinsky@wcmlaw.com (E-mail)
Attorney ID # 324747
Wade Clark Mulcahy LLP
1515 Market Street, Suite 2050
Philadelphia, PA 19102                                  *Attorneys for Nordstrom, Inc.*
(267) 239-5526 (Phone)
Our File No.:  512.11476

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER DORFMEISTER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | |
| NORDSTROM, INC., | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

TO:   **THE UNITED STATES DISTRICT COURT**
      **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant NORDSTROM, INC. ("Nordstrom") by and through its attorneys, Wade

Clark Mulcahy LLP, hereby files a Notice of Removal of this case from the Court of Common

Pleas of Pennsylvania, Philadelphia County, to the United States District Court for the Eastern

District of Pennsylvania, and in support hereof, avers as follows:

*Procedural Posture*

1.     On or about April 22, 2019, plaintiff JENNIFER DORFMEISTER

("Dorfmeister") commenced this civil action by filing a Complaint in the Court of Common

Pleas of Pennsylvania, Philadelphia County, Civil Division, Docket No. 190102257. *See* Dorfmeister's Complaint, attached hereto as **Exhibit A**.

2.     This is a premises liability cause of action that arises out of a slip and fall that allegedly occurred at a Nordstrom store located at 190 North Gulph Road, King of Prussia, Pennsylvania 19406. *See* **Exhibit A**.

3.     Specifically, Dorfmeister alleges that, while being fitted for a pair of pants, she was invited to step down from a dressing room pedestal and tripped when her heel caught the unpinned pant leg.

4.     Due to her fall, Dorfmeister was caused to sustain serious and permanent injuries throughout her entire body, including a left displaced bimaelleolar fracture, distal fibula comminuted in tow pieces, left food pain, left heel pain, and right achilles tendinosis, giving rise to the subject loss of this action.

5.     As a result of this alleged loss, Dorfmeister has alleged negligence against Nordstrom for personal injury damages.

*The Parties*

6.     Nordstrom is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 1700 7th Avenue, Seattle, WA 98101.

7.     Dorfmeister is an adult individual residing at 117 Waterford Circle, Berwyn, Pennsylvania 19312.

*Removal Based on Diversity Jurisdiction*

8.     28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

9.     Further, 28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

10.     The above-described civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, based upon the fact that Nordstrom and Dorfmeister are citizens of different states and the amount in controversy exceeds $75,000.00. Based upon Dorfmeister's case management memorandum, the approximate medical bills recoverable in this case amount to $90,000.00 and rising, which clearly exceeds $75,000.00. *See* Dorfmeister's Complaint, attached hereto as **Exhibit B**. Additionally, Dorfmeister's case management memorandum provides a formal demand of $650,000.00. *See* **Exhibit B**. Finally, Dorfmeister's complaint alleges that the amount in controversy exceeds the $50,000.00 arbitration limitation and should proceed to a major jury trial. *See* **Exhibit A**. Accordingly, this action may be removed to this Court by Notice pursuant to 28 U.S.C. § 1441 and § 1446.

*Timeliness of Removal*

11.     Pursuant to 28 U.S.C. § 1446(C)(3), "if the case stated by the initial pleading is not removable, the notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12.     Service of this Notice of Removal has been filed within thirty (30) days after service of Dorfmeister's complaint was accepted by Nordstrom on April 22, 2019, which was the first paper from which Nordstrom could ascertain that the case is one which is removable.

*Notice*

13.     Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service annexed hereto.

14.     Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Pennsylvania, Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

15.     Copies of all process, pleadings and orders served upon Nordstrom are attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit A**.

**WHEREFORE**, Nordstrom prays that it may affect the removal of this action from the Court of Common Pleas of Pennsylvania, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Date:   Philadelphia, PA
        May 6, 2019

Respectfully submitted,

WADE CLARK MULCAHY LLP

By:     _____
        Robert J. Cosgrove, Esq.
        Atty. I.D. No. 204665
        1515 Market Street, Suite 2050
        Philadelphia, PA 19102
        Attorney for Defendant Nordstrom, Inc.
        (267) 239-5526 (Phone)
        Our File No.: 512.11476

## VERIFICATION

I, Robert J. Cosgrove, verify that I am the attorney for Nordstrom, Inc. and am authorized

to make this verification.  I declare under penalty of perjury that the foregoing is true and correct

to the best of my knowledge and belief.

Dated: Philadelphia, PA
      May 6, 2019

_____
Robert J. Cosgrove, Esq.

# EXHIBIT A

**KORNBLAU & KORNBLAU, LLC**
By:    Adam G. Kornblau, Esquire
Attorney I.D. No.: 313050
610 Harper Avenue
Jenkintown, PA 19046
Telephone:  (215) 576-7200
Fax:        (215) 576-7879
kornblau@kornblauandkornblau.com

Attorney for Plaintiff

*Filed and Attested by the Office of Judicial Records 22 APR 2019 03:14 pm M. RUSSO*

| | |
|---|---|
| **JENNIFER DORFMEISTER** | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| **Plaintiff** | **JURY TRIAL DEMANDED** |
| v. | **CIVIL ACTION-LAW** |
| **NORDSTROM, INC.** | **JANUARY TERM, 2019** |
| **Defendant** | **NO.  02257** |

<u>**NOTICE TO DEFEND**</u>

**NOTICE**

   You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

**AVISO**

   Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo el partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corta en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corta tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede decidir a fabor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVENIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

   ASOCIACION DE LICENCIADOS DE FILADELFIA
 SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

Case ID: 190102257

**KORNBLAU & KORNBLAU, LLC**            **Attorney for Plaintiff**
**By:    Adam G. Kornblau, Esquire**
**Attorney I.D. No.: 313050**
**610 Harper Avenue**
**Jenkintown, PA 19046**
**Telephone:  (215) 576-7200**
**Fax:          (215) 576-7879**
**kornblau@kornblauandkornblau.com**

| | |
|---|---|
| **JENNIFER DORFMEISTER** : | **COURT OF COMMON PLEAS** |
| : | **PHILADELPHIA COUNTY** |
| : | |
| : | **JURY TRIAL DEMANDED** |
| **Plaintiff** : | |
| : | **CIVIL ACTION-LAW** |
| **v.** : | |
| : | **JANUARY TERM, 2019** |
| **NORDSTROM, INC.** : | |
| **Defendant** : | **NO.  02257** |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Jennifer Dorfmeister, is an adult individual residing at 117

Waterford Circle, Berwyn, PA 19312.

2.      Defendant, Nordstrom, Inc., is a corporation with a corporate

headquarters at 1700 7th Avenue, Seattle, WA 98101.

3.      Venue is proper in Philadelphia County pursuant to Pa. R.C.P. 2179(a)(2),

because Defendant regularly conducts business in Philadelphia County.

4.      On or about January 25, 2017, Defendant owned, operated, maintained,

serviced, managed, leased and/or controlled the Nordstrom located in the King of

Prussia Mall, with an address of 190 North Gulph Road, King of Prussia, PA 19406.

5.      At all relevant times, Defendant acted by and through its agents,

servants, workers, employees, sales representatives, and seamstresses, all of whom

were acting within the course and scope of their authority and employment with

Defendant.

6.      On or about January 25, 2017, Plaintiff was in Defendant's fitting room, along with a sales clerk and a seamstress, and was being fitted for pants that Defendant's agents had provided to Plaintiff.

7.      The pants were several inches too long for Plaintiff, and needed to be shortened.

8.      At Defendant's direction, Plaintiff stood on a pedestal in Defendant's fitting room, as Defendant's seamstress used pins to shorten and taper the pants.

9.      Defendant's agent/seamstress proceeded to pin the fabric on one of Plaintiff's legs.

10.     However, before pinning the opposite pant leg, Defendant's agents invited Plaintiff to step off the pedestal, so that she could view the length of the pinned hem at a further distance from the mirror.

11.     Defendant's agents did not offer to help or assist Plaintiff off of the pedestal, despite knowing she was wearing high heels and that the unpinned pant leg was inches too long for Plaintiff's height.

12.     As Plaintiff began to step off the pedestal, unbeknown to Plaintiff, Defendant had allowed the unpinned pant leg to become caught on the heel of the shoe, causing Plaintiff to lose her balance, fall and suffer the injuries described herein.

13.     At all relevant times, Defendant breached its duties owed to Plaintiff, increased her risk of harm, and factually caused the injuries and damages to Plaintiff as more fully set forth below.

14.     As a result of the negligence and carelessness of Defendant, Plaintiff was

caused to sustain serious and permanent injuries throughout her entire body, including but not limited to, left displaced bimaelleolar fracture, distal fibula comminuted in two pieces, left foot pain, left heel pain, and right achilles tendinosis.

15.     As a result of the negligence and carelessness of the Defendant, Plaintiff was caused to suffer and continues to suffer from constant pain, discomfort, limitation of motion, emotional anxiety and distress.

16.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has been obligated to undergo and receive medical attention and care and may continue to receive and undergo medical attention and care in the future.

17.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has incurred medical, hospital, rehabilitation and other expenses attendant to the treatment of her medical condition.

18.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has sustained and will in the future sustain loss of life's pleasures and loss of enjoyment of life.

19.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has suffered and may in the future suffer a loss of earnings and impairment of earning capacity and power.

20.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has and may in the future incur other financial losses and expenses, all to her great loss and detriment.

21.     As a further result of the negligence and carelessness of the Defendant, Plaintiff has been prevented and may be prevented in the future from performing her

usual duties, occupations and avocations, all to her great loss and detriment.

22.    As a further result of the negligence and carelessness of the Defendant, Plaintiff has been unable to perform, and may be prevented in the future from performing, her household chores and responsibilities.

## COUNT I: NEGLIGENCE
## PLAINTIFF, JENNIFER DORFMEISTER v. DEFENDANT, NORDSTROM, INC.

23.    Plaintiff incorporates herein by reference the preceding and succeeding paragraphs of this Civil Action Complaint as if fully set forth at length.

24.    At all relevant times, Plaintiff was a business invitee of Defendant.

25.    At all relevant times, Defendant owed Plaintiff a duty of care to protect her against foreseeable harm.

26.    At all relevant times, Defendant owed Plaintiff a duty to act as a reasonable store owner, sales clerk and/or seamstress would under the circumstances.

27.    At all relevant times, Defendant knew, or should have known through the exercise of reasonable care, that Plaintiff was exposed to an unreasonable risk of harm while on Defendant's premises.

28.    At all relevant times, Defendant should have expected that Plaintiff may not discover or realize the danger to her.

29.    The negligence and carelessness of the Defendant consisted of the following:

    a)    causing fabric to become caught up in the heel of Plaintiff's shoe;

    b)    failing to inspect the pant leg and to untangle the fabric from the heel of Plaintiff's shoe;

    c)    failing to warn Plaintiff of the fabric that was caught on the heel of Plaintiff's shoe;

d)    failing to have or to place a railing and/or other similar device near the pedestal for Plaintiff to hold onto to ensure her safety stepping down from the pedestal;

e)    inviting Plaintiff to step down off of Defendant's pedestal when Defendant knew or should have known that the unpinned fabric posed a safety hazard to her;

f)    failing to help or assist Plaintiff down off of Defendant's pedestal;

g)    failing to stand near Plaintiff while she was stepping off of Defendant's pedestal;

h)    inviting Plaintiff to step off of the pedestal knowing that Plaintiff was wearing heels and her pant leg had not yet been pinned or tapered;

i)    failing to inspect the unpinned pang leg to ensure that it did not pose a danger to Plaintiff in stepping off of the pedestal;

j)    failing to adjust, pin and/or hold up the unpinned pant leg to ensure Plaintiff's safety in stepping down from the pedestal.

30.    As the result of the negligence and carelessness of the Defendant, Plaintiff was caused to suffer the serious injuries and damages previously described and incorporated by reference.

WHEREFORE, Plaintiff, Jennifer Dorfmeister, demands judgment in her favor against Defendant, Nordstrom, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest and costs of suit.

KORNBLAU & KORNBLAU, LLC

BY:    _____
ADAM G. KORNBLAU, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I, Jennifer Dorfmeister, hereby state that I am the Plaintiff herein, that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

JENNIFER DORFMEISTER

Dated: 4/22/19

Case ID: 190102257

**KORNBLAU & KORNBLAU, LLC**          **Attorney for Plaintiff**
By:   Adam G. Kornblau, Esquire
Attorney I.D. No.: 313050
610 Harper Avenue
Jenkintown, PA 19046
Telephone:  (215) 576-7200
Fax:          (215) 576-7879
kornblau@kornblauandkornblau.com

| | | |
|---|---|---|
| **JENNIFER DORFMEISTER** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION-LAW** |
| **v.** | : | |
| | : | **JANUARY TERM, 2019** |
| **NORDSTROM, INC.** | : | |
| **Defendant** | : | NO.  02257 |

## CERTIFICATE OF SERVICE

I, Adam G. Kornblau, Esquire, hereby certify that Plaintiffs' Complaint was

served upon the below-listed counsel on this 22nd day of April, 2019, by electronic

filing and Regular First Class Mail, Postage Prepaid:

     Robert J. Cosgrove, Esquire
     Zhanna Dubinsky, Esquire
     Wade, Clark, Mulcahy
     1515 market Street, Suite 2050
     Philadelphia, PA 19102

                      **KORNBLAU & KORNBLAU, LLC**

BY:   _____
                  ADAM G. KORNBLAU, ESQUIRE
                  Attorney for Plaintiff

# EXHIBIT B

FILED
22 APR 2019 11:19 am
Civil Administration

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| Jennifer Dorfmeister | : | January Term 2019 |
| v. | : | |
| Nordstrom, Inc. | : | No. 02257 |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: Plaintiff                    By: Adam G. Kornblau            , Esq.

Counsel's address and telephone number (**IMPORTANT**) Kornblau & Kornblau, LLC

610 Harper Avenue, Jenkintown, PA 19046  (215) 576-7200

# Part A
### *(to be completed in personal injury cases, including uninsured and underinsured motorist claims)*

1. Date of accident or occurrence: January 25, 2017

2. Date of birth of your client: 6/17/70            Age on date of occurrence: 46

   Unknown ____    Decline to provide _____

*NOTE: Date of birth information is intended for the Court's use only. The information will not be made available to the public.*

3. Most serious injuries sustained: Left trimalleolar ankle fracture requiring internal fixation, right Achilles tendinosis, left ankle equinis contracture, stress fracture of left 2nd metatarsal, removal of painful syndesmotic screw, left nonunion of fibula.

4. Is there any permanent injury claimed?    Yes X    No ____

   If yes, indicate the type of permanent injury: Yes, all of the aforementioned injuries and conditions are permanent in nature.

5. Dates of medical treatment: January 25, 2017 through present

6. Is medical treatment continuing?    Yes X    No ____

7. Has there been an inpatient hospitalization?    Yes X    No ____

8. Has there been any surgery?    Yes X    No ____

   If yes, indicate the type of surgery: Left ankle standing Hoffner external fixator, Left ankle trimalleolar ORIF, left ankle syndesmosis ORIF, left syndesmotic screw hardware removal

*This form shall be presented to the Case Manager and copies served upon any party not served electronically by the Court at the time of the conference.  All present must be prepared to discuss its contents.*

9. Approximate medical bills to date: $ To be determined

10. Approximate medical bills recoverable in this case: $ Approximately $90,000 and rising

11. Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)?      Yes_____ No X

    If yes, what type and approximate amount?_____

12. Time lost from work: Yes

13. Approximate past lost wages:  To be determined

14. Is there a claim for future lost earning capacity?      Yes X      No_____

    If yes, approximate future lost earning capacity:  To be determined

15. Are there any related cases or claims pending?      Yes_____      No X

    If so, list caption(s) and docket number(s) or other appropriate identifier(s):_____

16. Do you anticipate joining additional parties?      Yes_____      No X

17. Set forth a summary of facts giving rise to cause(s) of action:  Defendant failed to properly
and adequately insure Plaintiff was in a safe condition while hemming her pants
and caused Plaintiff to fall and sustain the aforementioned injuries.

18. Set forth a summary of facts in support of applicable defense(s) or any counterclaim:  N/A

19. Defense position as to causation of injuries alleged:  N/A

20. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
| | | |
| | | |

21. Are there issues as to the applicability of the above insurance coverage?      Yes_____ No_____

22. Demand: $ 650,000                    Offer: $ N/A

2