IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER DORFMEISTER** : | |
|     **Plaintiff** : | NO. 2:19-CV-01958 |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| **NORDSTROM, INC.** : | |
|     **Defendant** : | |

**PLAINTIFF, JENNIFER DORMEISTER'S
STATEMENT OF DISPUTED FACTS**

Plaintiff, by and through her attorneys, Kornblau & Kornblau, offers the following Statement of Disputed Facts in opposition to Defendant, Nordstrom, Inc.'s Motion for Summary Judgment as follows:

1. Denied as stated. While Plaintiff has in the past shopped frequently at Nordstrom and has spent a considerable amount of money at Nordstrom, she expressly disputes that Plaintiff's shopping history precludes the existence of genuine issues of facts. See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment incorporated by reference herein.

2. Denied as stated. Over the course of many years, prior to Plaintiff's accident, Plaintiff worked with Defendant's Sales Associate, Shahrezad Shayegan, to pick out clothes for Plaintiff. However, Plaintiff expressly disputes that Plaintiff's shopping history precludes the existence of genuine issues of facts. See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment incorporated by reference herein.

3. Denied as stated. Plaintiff had many alterations made at Nordstrom prior to her accident. However, it is expressly rejected that Plaintiff's prior experience

establishes, as a matter of law, that Plaintiff proceeded in the face of an "obvious danger" at the time of her accident. Even if Plaintiff was generally aware of the fitting process, Plaintiff was unaware that Defendant's employees violated industry standards and Defendant's own instructions when Defendant's fitter directed Plaintiff to descend the fitting pedestal without pinning both legs, and failed to assist her down from the pedestal. Plaintiff thus could not have assumed the increased risk of harm to her due to these omissions by Defendant. See Thompson v. Grinkel, 95 A.3d 900, 907 (Pa.Super.2014); See also Feleccia v. Lackawanna College, 156 A.3d 1200, 1217-18; See also Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment incorporated by reference herein.

4. Denied. Defendant has put forth no evidence establishing whether the pedestal which existed in Defendant's fitting room during prior fittings is in fact the same pedestal that existed the date of Plaintiff's accident.

5. Denied. Plaintiff has no recollection of stepping off Defendant's fitting pedestal prior to both pant legs being pinned aside from the date of her accident. See deposition of Plaintiff, Jennifer Dorfmeister, Exhibit "A" at 21.

6. Denied as stated. Plaintiff did not become injured during any fitting process prior to the date of her accident. However, it is expressly denied that Ms. Dorfmeister never received help stepping down from a fitting pedestal prior to her accident. See Plaintiff, Jennifer Dorfmeister's deposition at 109.

7. It is admitted Plaintiff has stepped on fitting platforms at other stores during the fitting process.

8. It is admitted that on January 25, 2017, Plaintiff went to Nordstrom to

shop for clothing for an upcoming trip.

9. Denied. Plaintiff did not try on a "number of outfits." The only outfit she tried on was the subject brown pants outfit.

10. It is admitted Plaintiff tried on the subject brown pants outfit in Defendant's fitting room.

11. Denied as stated. The statements contained in this paragraph, while factual accurate, are misleading as they relate to Plaintiff's first trip to Nordstrom on January 25, 2017, and not the trip at the time of her accident. Moreover, to the extent Defendant is seeking to suggest to the Court that Plaintiff was wearing the same heels at the time her picture was taken in Nordstrom by the phrase "and with heels on," this is expressly denied. Plaintiff was wearing different high-heeled shoes at the time of her accident. By way of further response, see Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment incorporated by reference herein.

12. Denied as stated. It is admitted only that Plaintiff left Nordstrom to shop at other stores, before returning to Nordstrom in the evening to have the brown pants outfit hemmed, which according to Defendant's Sales Associate, required approximately "two inches" of hemming. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, attached hereto as Exhibit "B" at 60.

13. It is admitted that there is video footage of Plaintiff in Nordstrom wearing the subject pants. However, there is no time stamp on the video and therefore it is unclear when prior to Plaintiff's accident it was captured. There was no video footage in Defendant's fitting room.

14. Denied. The video footage speaks for itself.

15. Denied. The video, which has no sound, shows Plaintiff wearing the subject pants earlier in the day, while wearing different shoes. However, it is expressly denied that Plaintiff's subjective "awareness" can be gleaned from the video. It is further denied that the video establishes Plaintiff subjectively appreciated the probability and likelihood that when she descended Defendant's fitting pedestal, she would fall and suffer a horribly displaced ankle fracture.

16. Denied as stated. It is admitted only that Plaintiff wore the subject shoes prior to her accident. However, it is expressly denied that there is any evidence that the shoes were unsafe or damaged, and Defendant has not produced any expert report stating as much.

17. Denied as stated. Plaintiff brought two pairs of heels to Nordstrom, including the subject heels. Defendant's fitter chose Plaintiff's shoes from the ones Plaintiff brought.

18. It is admitted that Plaintiff changed into the unhemmed pants in Defendant's fitting room and stepped onto the fitting pedestal.

19. It is admitted that Defendant's fitter, Ms. Ghaffari and Defendant's Sales Associate, Ms. Shayegan, were both in the fitting room with Plaintiff at the time of her fall.

20. It is admitted that Defendant's unhemmed pants were too long, were touching the floor even in Plaintiff's high-heels, and required approximately "two inches" of hemming. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, attached hereto as Exhibit "B" at 60.

21. It is admitted that Plaintiff was able to step up onto Defendant's fitting

platform.

22. Denied as stated. Defendant's fitter proceeded to pin Plaintiff's right pant leg. See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9, 52. Before the fitter pinned Plaintiff's left pant leg, she asked Plaintiff, "is this right length?" Plaintiff responded, "I don't know, I'm too close." Thereafter, Defendant's fitter "direct[ed]" Plaintiff to step back, at which point Plaintiff did. Id. To the extent Defendant is suggesting Defendant's fitter ever pinned the left pant leg, this is specifically denied.

23. Denied as stated. Before the fitter pinned Plaintiff's left pant leg, she asked Plaintiff, "is this right length?" Plaintiff responded, "I don't know, I'm too close." Thereafter, Defendant's fitter "direct[ed]" Plaintiff to step back, at which point Plaintiff did. Id. To the extent Defendant is suggesting Defendant's fitter ever pinned the left pant leg, this is specifically denied.

24. Denied. Defendant's assertion is disingenuous and inaccurate. Defendant's fitter directed Plaintiff to "step back." In the context of a conversation about seeing the proposed hem length at a distance away from the mirror while Plaintiff was standing on a small fitting room platform, the only reasonable interpretation is that Defendant's fitter meant for Plaintiff to step back [off the platform.] See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9-10.

25. Denied as stated. Plaintiff does not dispute that she was not forced to step off the platform in a literal sense. However, in the context of her conversation with Defendant's fitter, it was expressed to Plaintiff that assessing the full length of the proposed hem would require her to step off of the platform. See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9-10. Moreover, Defendant's fitter directed

Plaintiff to step back.  Id.

26.Denied for the reasons set forth in paragraphs 24 and 25.  By way of further response, Plaintiff was unaware that Defendant's employees violated industry standards and Defendant's own instructions when Defendant's fitter directed Plaintiff to descend the fitting pedestal without pinning both legs, and failed to assist her down from the pedestal.  Plaintiff thus could not have assumed the increased risk of harm to her due to these omissions by Defendant.

27It is admitted that prior to attempting to step off Defendant's fitting pedestal, Plaintiff first turned around away from the mirror.

28.Denied as stated.  It is admitted that there was nothing obstructing Plaintiff's view as she attempted to step off Defendant's fitting pedestal, but it is expressly denied that Plaintiff was looking at and/or could see and/or knew that the back of her heel would become caught on her pant leg.  By way of further response, nothing on page 103 of Plaintiff's deposition refers to Plaintiff stepping off the platform at the time of her accident, as represented by Defendant in this paragraph.

29.Denied as stated.  It is admitted that Plaintiff fell and broke her ankle, among other injuries, but it is expressly denied that it was due to carelessness on her part.  Defendant's *own* employee observed Plaintiff's accident and concluded that Plaintiff had not acted carelessly or unreasonably at the time of her fall.  See deposition of Defendant's Sales Associate, Sharezad Shayegan, Exhibit "B" at 85.  Plaintiff's fall was caused by Plaintiff tripping on Defendant's unhemmed pants, which Defendant negligently failed to pin prior to directing Plaintiff to step down from its pedestal, in violation of industry standards and Defendant's own instructions.  See Plaintiff, Jennifer

Dorfmeister's deposition, Exhibit "A" at 9, 52; See the deposition of Defendant's fitter, Tahereh Ghaffari, Exhibit "C" at 19; See Weiss report, Exhibit "D." Viewing the facts in the light most favorable to the non-moving Plaintiff, Plaintiff was acting reasonably and would not have fallen, but for the negligence of Defendant.

30.  Denied. Plaintiff denies that her fall was caused by a misstep or that she acted carelessly or recklessly. Rather, Plaintiff's fall was caused by the combination of Defendant's employee directing Plaintiff to descend from the fitting pedestal with one of her pant legs unpinned, in violation of clothing industry standards and its own instructions to its fitters; and Defendant's failure to assist Plaintiff down from the fitting pedestal or engage in any efforts to reduce Plaintiff's risk for harm; in the setting of unhemmed pants, high heels, a seven-inch fitting pedestal; and in the setting of Plaintiff concentrating on the proper length of the pants and Defendant *knowing* Plaintiff was interested in seeing herself a distance away from the mirror. See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9, 52; See the report of Ms. Weiss attached hereto as Exhibit "D"; See the deposition of Defendant's fitter, Tahereh Ghaffari, Exhibit "C" at 19, 21, 45, 54-55; See the deposition of Ms. Shayegan, Exhibit "B" at 82-85. Viewing the facts in the light most favorable to the non-moving Plaintiff, Plaintiff was acting reasonably and would not have fallen, but for the negligence of Defendant.[1]

31.  Plaintiff stands by her deposition testimony.

---

[1] None of Defendant's employees testified that Plaintiff misstepped. Moreover, Defendant's incident report is hearsay within hearsay, in that it contains a statement of Defendant's former loss prevention employee, who was not present in the room when Plaintiff's accident occurred and thus has no first-hand information about the accident. Thus, the inadmissible hearsay statements made by Defendant's own employee which are contained in Defendant's incident report are not a proper basis for the Court to grant Defendant Summary Judgment. See Borough of Nanty-Glo American Surety Co. of New York, 309 Pa. 236, 163 A. 523, 524 (1932).

32. Denied. Defendant's statement suggests that Plaintiff has "contend[ed]" that Defendant's employees saw Plaintiff's pant leg become caught on her heel and that Defendant's employee denied such statement. This is false. Plaintiff's "contention" is that her left shoe caught the fabric of her left pant leg, due to Defendant's omissions, causing her to lose her balance and fall. See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9, 19-20. Moreover, neither of Defendant's employees observed the cause of Plaintiff's fall. Defendant's Fitter testified that she "only heard" the fall because she had "turned around." See the deposition of Defendant's Fitter, Tahereh Ghaffari, Exhibit "C" at 49. Defendant's Sales Associate testified she did not observe Plaintiff take any step in any direction and does not know what caused her to fall. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, Exhibit "B" at 74-77. Further, she specifically testified that she could not "rule out" that Plaintiff tripped due to the unhemmed pant leg. See deposition of Defendant's Sales Associate, Ms. Shayegan, at 75-77.

33. Denied as stated. Defendant's characterization of "evidence" pertaining to Plaintiff's accident is misleading. The "evidence" is the testimony of Plaintiff that Defendant's fitter, without pinning Plaintiff's left pant leg and without offering to assist Plaintiff, directed Plaintiff to step down from Defendant's fitting pedestal. The "evidence" is also the testimony of Defendant's Sales Associate, who was the only eye-witness to the accident, that Plaintiff had not acted carelessly or unreasonably at the time of her fall. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, Exhibit "B" at 85.

34. Denied is as stated. Defendant's Sales Associate and Defendant's fitter

testified that they did not consider the unhemmed, unpinned pants, combined with heels, to be a tripping hazard to Plaintiff, and thus, they could not be an "obvious" danger, as Defendant argues in its motion.  See Defendant's Sales Associate's deposition, Exhibit "B" at 82-83 and see the deposition of Defendant's fitter, Tahereh Ghaffari, attached hereto as Exhibit "C" at 53-54.

                                            Respectfully Submitted,

                                            **KORNBLAU & KORNBLAU**

BY: _____
                                            ADAM G. KORNBLAU, ESQUIRE
                                            Attorney for Plaintiff

Dated: October 25, 2019