IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER DORFMEISTER** <br> Plaintiff <br> v. <br> **NORDSTROM, INC.** <br> Defendant | NO. 2:19-CV-01958 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF, JENNIFER DORFMEISTER'S STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, by and through her attorneys, Kornblau & Kornblau, offers the following additional facts in opposition to Defendant's Motion for Summary Judgment.

1. Nordstrom is an American chain of luxury department stores, which sells a whole host of retail items, including women's clothing. In addition to selling clothing, Nordstrom offers customers an additional service of fitting/tailoring their customers' clothing. See Nordstrom website.

2. On January 25, 2017, Plaintiff had gone to Nordstrom to look for clothes for an upcoming work event. See the deposition testimony of Plaintiff, Jennifer Dorfmeister, attached hereto as Exhibit "A" at 9.

3. Plaintiff, with the assistance of Defendant's Sales Associate, Sharezad Shayegan, had set aside a brown pants outfit as a potential option. Id. at 9, 62.

4. Plaintiff then left Nordstrom to shop at other stores, before returning to Nordstrom in the evening to purchase and have the brown pants outfit fitted. Plaintiff's accident occurred during her second January 25, 2017, trip to Nordstrom. Id. at 62.

5. Upon Plaintiff's return to Nordstrom, Defendant's Sales Associate called

Defendant's fitter, Tahereh Ghaffari, and Plaintiff, along with Defendant's Sales Associate, proceeded into Defendant's fitting room to be fitted. Id.

6. At the time, Plaintiff wore high-heeled shoes, which she intended to wear with the new unhemmed pants, which, according to Defendant's Sales Associate, required approximately "two inches" of hemming. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, attached hereto as Exhibit "B" at 60.

7. Despite the unhemmed pants and high-heels, neither Defendant's Sales Associate nor Defendant's fitter considered the combination to be a trip hazard, much less an "obvious" danger as suggested by Defendant in its motion. See the deposition of Defendant's Sales Associate, Sharezad Shayegan, Exhibit "B" at 82-83; See the deposition of Defendant's fitter, Tahereh Ghaffari, attached hereto as Exhibit "C" at 53-54.

8. Of note, at the time of Plaintiff's fitting, Nordstrom's fitters had operated under instructions from Nordstrom that when pinning a customer's pants, they were to finish pinning both pant legs before indicating that the customer could step down from the fitting pedestal. See the deposition of Defendant's fitter, Tahereh Ghaffari, Exhibit "C" at 19.

9. Defendant's fitter testified that Nordstrom's fitters, including herself, abided by these instructions. Id.

10. These instructions were consistent with industry standards which require a seamstress to pin both pant legs before inviting a customer to step down. See the report of Ms. Weiss attached hereto as Exhibit "D."

11. Industry standards also required seamstresses to assist a customer down

from a fitting pedestal, particularly in the event of an unhemmed pant leg. Id.

10. Defendant's fitter believed, albeit falsely, that she *had* complied with Nordstrom's instructions and pinned both of Plaintiff's pant legs before directing Plaintiff to step down from Defendant's fitting pedestal. See the deposition of Defendant's fitter, Tahereh Ghaffari, Exhibit "C" at 48; See deposition of Plaintiff, Jennifer Dorfmeister, Exhibit "A" at 9.

11. However, Defendant's fitter failed to pin both of Plaintiff's pant legs. See the deposition testimony of Plaintiff, Jennifer Dorfmeister, attached hereto as Exhibit "A" at 9.

12. Prior to Plaintiff's accident, Defendant knew that "many customers," like Ms. Dorfmeister, liked to view themselves at a distance away from the fitting room mirror to better assess the proposed length of the hem. See the deposition of Defendant's fitter, Tahereh Ghaffari, Exhibit "C" at 21, 45.

13. Inside the fitting room, Plaintiff stepped onto Defendant's approximately seven-inch high fitting pedestal, and then Defendant's fitter proceeded to pin Plaintiff's right pant leg. See Plaintiff, Jennifer Dorfmeister's deposition, Exhibit "A" at 9, 52.

14. Before the fitter pinned Plaintiff's left pant leg, she asked Plaintiff, "is this right length?" Plaintiff responded, "I don't know, I'm too close." Id.

15. Thereafter, Defendant's fitter "direct[ed]" Plaintiff to step back, at which point Plaintiff did. Id.

16. As she stepped, Plaintiff's left shoe caught the fabric of her left pant leg, causing her to lose her balance and fall. Id. 9, 19-20.

17. Not only did Defendant's fitter, in violation of industry standards and

Nordstrom's own instructions, fail to pin Plaintiff's left pant leg, she also failed to do <u>anything</u> to help her safely descend from the pedestal. <u>See</u> the deposition of Defendant's fitter, Tahereh Ghaffari, <u>Exhibit "C"</u> at 54-55

19. Despite Defendant's failure to pin Plaintiff's pant leg and despite knowing Plaintiff wanted to see herself a distance from the mirror, Defendant's Sales Associate also did not take <u>any</u> steps to ensure Plaintiff could safely descend from the fitting pedestal, such as offering to assist her or having her wait until both legs were pinned before directing her to step down. <u>See</u> the deposition of Ms. Shayegan, <u>Exhibit "B"</u> at 82-85.

19. According to Defendant's Sales Associate, who was the only eye-witness to the accident, Plaintiff had not acted carelessly or unreasonably at the time of her fall. <u>See</u> the deposition of Defendant's Sales Associate, Sharezad Shayegan, <u>Exhibit "B"</u> at 85.

                                              Respectfully Submitted,

                                              **KORNBLAU & KORNBLAU**

BY: _____
                              ADAM G. KORNBLAU, ESQUIRE
                              Attorney for Plaintiff

Dated: October 25, 2019